| | |
|---|---|
| 1 | Robert M. Waxman (S.B.N. 89754) |
|   |   rwaxman@ecjlaw.com |
| 2 | Pantea Yashar (S.B.N. 234067) |
|   |   pyashar@ecjlaw.com |
| 3 | **ERVIN COHEN & JESSUP LLP** |
|   | 9401 Wilshire Boulevard, Ninth Floor |
| 4 | Beverly Hills, California 90212-2974 |
|   | Telephone (310) 273-6333 |
| 5 | Facsimile (310) 859-2325 |
| 6 | Attorneys for AXA Art Insurance Corporation |

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| RUSSELL YOUNG | CASE NO. CV10-3746-SVW (SSx) |
| Plaintiff, | |
| v. | (State Case No. SC107690) |
| AXA ART INSURANCE CORPORATION, and DOES 1-20, inclusive, | **DECLARATION OF PANTEA YASHAR IN OPPOSITION TO RUSSELL YOUNG'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT** |
| Defendants. | **Complaint Filed:** April 22, 2010 |
| | **Hearing Date:** September 13, 2010 |
| | **Time:** 1:30 p.m. |
| | **Trial Date:** November 30, 2010 |

Ervin, Cohen & Jessup LLP

IDOCS:12986.5:1089389.1

1

DECLARATION OF PANTEA YASHAR

**I, PANTEA YASHAR, declare and state:**

1. I have personal knowledge of the facts herein stated and if called as a witness could and would testify competently thereto.

2. I am an active member of the State Bar of California and am an associate at the law firm of Ervin, Cohen & Jessup LLP, attorneys of record for defendant AXA Art Insurance Corporation ("AXA"), and am one of the attorneys primarily responsible for the representation of AXA in this lawsuit that is pending in the United States District for the Central District of California.

3. AXA's investigation and evaluation were conducted under a complete reservation of rights. Attached hereto as **Exhibit "1"** is a true and correct copy of the November 24, 2009 letter sent by my co-counsel and AXA's lead counsel on this case, Robert Waxman ("Waxman") to Russell Young's ("Young") previous counsel, Robert Ring ("Ring"), reflecting same.

4. AXA took the examination under oath of Young on January 26, 2010 ("Sworn Examination") at which time Young appeared and was represented by counsel. Attached hereto as **Exhibit "2"** is a true and correct copy of Young's Sworn Examination transcript taken by Waxman on January 26, 2010.

5. AXA likewise requested that Young produce documents as part and parcel of this sworn examination process.

6. Attached hereto as **Exhibit "3"** is a true and correct copy of Young's sworn declaration signed on November 30, 2008, and filed with the Los Angeles County Superior Court in another action.

7. Attached hereto as **Exhibit "4"** is a true and correct copy of Young's application for insurance with AXA.

8. Attached hereto as **Exhibit "5"** is a true and correct copy of the Addendum to Statement Under Oath served for the first time by Young's counsel to AXA on July 22, 2010 ("Addendum").

9. Neither Young nor either of his attorneys ever asked me or Waxman whether Young could have additional time beyond the stipulated 30-days from receipt of the transcript from the Sworn Examination to make corrections to same. Neither Young nor his counsel ever communicated to me or Waxman anything about Young supposedly being ill or hospitalized until at or around the time Young's new counsel served AXA with Young's Addendum.

10. Young attended a mediation with AXA before the Hon. John Zebrowski, Judge, ret. on April 22, 2010, and was joined by his counsel (Robert Ring), his business manager, and his insurance broker; I was there with Waxman and another representative from AXA. The parties exchanged their mediation briefs with each other several days before the mediation. Neither Young nor his counsel discussed any illness or requested additional time to make corrections to Young's Sworn Examination transcript before, at, or after this mediation. Indeed, it was not until and around the time Young served his Addendum on AXA, several months after this lawsuit was filed, that AXA learned of an illness for the very first time. Attached hereto as **Exhibit "6"** is a true and correct copy of the April 19, 2010 email from Ring to ADR Services and myself attaching Young's mediation brief and no mention of anything else (actual attachments not included).

11. On July 28, 2010, I sent a letter to Young's counsel, Robert Eisfelder ("Eisfelder"), asking that he voluntarily withdraw his Addendum. Attached hereto as **Exhibit "7"** is a true and correct copy of that letter. The next day, I met and conferred with Eisfelder on the telephone about same, and the parties continued to intermittently discuss the Addendum over the course of the next 10 or so days, concluding affirmatively on August 9, 2010 that they had reached an impasse with respect to the validity of the Addendum.

12. AXA removed the Complaint from State to Federal court on May 18, 2010. But Eisfelder first discussed the possibility of Young filing an amended complaint with AXA's counsel after this case had been pending in this Court.

13. On July 2, 2010, AXA and Young filed a Stipulation to Extend Time To File Answer to Cross-Complaint of AXA Art Insurance Corporation And To Submit Plaintiff's First Amended Complaint ("7/2/10 Stipulation"). Attached hereto as **Exhibit "8"** is a true and correct copy of the 7/2/10 Stipulation.

14. Attached hereto as **Exhibit "9"** is a true and correct copy of this Court's July 9, 2010 Order stating that "Young shall have through and including July 21, 2010 to submit to AXA's counsel a proposed First Amended Complaint and proposed order permitting the filing of Plaintiff's proposed First Amended Complaint."

15. Young ultimately sent his proposed FAC to AXA on August 5, 2010 and the parties met and conferred on that subject by telephone on August 9, 2010 during which time I was present on the phone. Attached as **Exhibits 10" and "11"** are true and correct emails reflecting same (respectively).

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and accurate.

Executed on August 23, 2010, at Beverly Hills, California.

_____
Pantea Yashar

IDOCS:12986.5:1089389.1

4

DECLARATION OF PANTEA YASHAR

Ervin, Cohen & Jessup LLP