**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RUSSELL YOUNG,                          ) | NO. CV 10-3746 SVW (SSx) |
|                        )  | |
|             Plaintiff,         ) | |
|                        )  | |
|       v.                )  | **MEMORANDUM AND ORDER RE: PARTIES'** |
|                        )  | |
| AXA ART INSURANCE CORPORATION,    ) | **STIPULATED PROTECTIVE ORDER** |
| and DOES 1-20, inclusive,        ) | |
|                        )  | |
|             Defendants.        ) | |
|                        )  | |
| _____) | |

The Court has received and considered the parties'"[Proposed] Stipulated Protective Order" (the "Protective Order"). The Court is unable to adopt the Protective Order as stipulated to by the parties for the following reasons:

First, a protective order must be narrowly tailored and cannot be overbroad. Therefore, the documents, information, items or materials that are subject to the protective order shall be described in a meaningful and specific fashion (for example, "personnel records," "medical records," or "financial information," etc.). It is not sufficient to define the protected material as "any Disclosure or

1  Discovery Material that is designated as 'Confidential' or 'Highly
2  Confidential - Attorneys' Eyes Only'" where the designation
3  "Confidential" applies to:
4
5      information (regardless of how generated, stored or
6      maintained) or tangible things that contain non-public,
7      confidential, private, proprietary or commercially or
8      personally sensitive information that requires the
9      protections provided in this stipulation;
10
11 and the designation "Highly Confidential - Attorneys' Eyes Only" applies
12 to:
13
14     information or items: extremely sensitive "Confidential
15     Information or Items" whose disclosure to another Party or
16     non-party would create a substantial risk of serious injury
17     that could not be avoided by less restrictive means.
18
19 (Protective Order at 2-3, §§ 2(c)-(d), (i)).  The current language used
20 to describe the protected documents is overbroad.  The parties may
21 submit a revised stipulated protective order, but must correct this
22 deficiency.
23
24     Second, the Court will not agree to the procedure the parties
25 propose for resolving disputes regarding the designation of confidential
26 information.  (Protective Order at 6-7, §§ 6(a)-(c)).  Such disputes
27 must strictly comply with the Central District's Local Rule 37.  If a
28 party seeks judicial intervention regarding any discovery challenge,

both parties must timely file a written joint stipulation containing all issues in dispute. C.D. Cal. R. 37-2, 37-2.1. The form and preparation of this stipulation are expressly laid out in Local Rules 37-2.1 and 37-2.2. C.D. Cal. R. 37-2.1, 37-2.2. The Court will not consider the dispute unless the stipulation or a declaration from the moving party describing how the opposing party failed to cooperate in formulating the stipulation is timely filed. See C.D. Cal. R. 37-2.4.

Third, the Court will not agree to the procedure the parties propose for filing protected material. (Protective Order at 12-13). The parties propose that material filed in this action be designated by counsel as, "filed under seal pursuant to a protective order . . . and issued by the United States District Court of the Central District of California . . . ." (Protective Order at 13). However, this designation might suggest that the Court has made a determination about whether particular material fits within the categories described by a Protective Order entered in this case. If the parties wish to designate material as confidential, they may mark documents "confidential" but should not indicate that the Court has also reached a decision about the nature of the documents. Further, the parties must comply with the Central District's Local Rule 79 when filing all protected material. No document will be filed under seal without prior approval of the Court. C.D. Cal. R. 79-5.1. To obtain approval, the moving party must submit a written application and proposed order to the presiding judge along with the document submitted for filing. Id.

Fourth, the Protective Order does not establish the requisite good cause. Pintos v. Pac. Creditors Ass'n, 565 F.3d 1106, 1115 (9th Cir.

2009) ("The relevant standard [for the entry of a protective order] is whether good cause exists to protect the information from being disclosed to the public by balancing the needs for discovery against the need for confidentiality." (internal quotation marks and alteration omitted)); Foltz v. State Farm Mut. Auto Ins. Co., 331 F.3d 1122, 1130 (9th Cir. 2003) (court's protective order analysis requires examination of good cause (citing Phillips v. Gen. Motors Corp., 307 F.3d 1206, 1210-11, 1212 (9th Cir. 2002)).

The Court may only enter a protective order upon a showing of good cause. Kamakana v. City and County of Honolulu, 447 F.3d 1172, 1176 (9th Cir. 2006) (stipulating to protective order insufficient to make particularized showing of good cause, as required by Rule 26(c)); Phillips, 307 F.3d at 1210-11 (Rule 26(c) requires a showing of good cause for a protective order); Makar-Wellbon v. Sony Electrics, Inc., 187 F.R.D. 576, 577 (E.D. Wis. 1999) (even stipulated protective orders require good cause showing).

In any revised stipulated protective order submitted to the Court, the parties must include a statement demonstrating good cause for entry of a protective order pertaining to the documents or information described in the order.  The documents to be protected shall be specifically described and identified.  The paragraph containing the statement of good cause should be preceded by the phrase: "GOOD CAUSE STATEMENT."  The parties shall articulate, for each document or category of documents they seek to protect, the specific prejudice or harm that will result if no protective order is entered. Foltz, 331 F.3d at 1130.

4

Finally, the Court reminds the parties that all future discovery documents filed with the Court shall include the following in the caption: "[Discovery Document: Referred to Magistrate Judge Suzanne H. Segal]."

IT IS SO ORDERED.

DATED: September 30, 2010                   _____/S/_____
                                            SUZANNE H. SEGAL
                                            UNITED STATES MAGISTRATE JUDGE