1  Robert M. Waxman (SBN 89754)
      rwaxman@ecjlaw.com
2  Pantea Yashar (SBN 234067)
      pyashar@ecjlaw.com
3  Russell M. Selmont (SBN 252522)
      rselmont@ecjlaw.com
4  **ERVIN COHEN & JESSUP LLP**
   9401 Wilshire Boulevard, Ninth Floor
5  Beverly Hills, California 90212-2974
   Telephone  (310) 273-6333
6  Facsimile  (310) 859-2325

7  Attorneys for Defendant/Cross-Complainant AXA Art Insurance Corporation

8  Robert W. Eisfelder (SBN 53473)
      reisfelder@jjelaw.com
9  JACOBS, JACOBS & EISFELDER, LLP
   11755 Wilshire Blvd., Suite 2150
10 Los Angeles, California 90025
   Telephone (310) 820-4500
11 Facsimile (310) 826-0683

12 Attorneys for Plaintiff/Cross-Defendant Russell Young

13

14             **UNITED STATES DISTRICT COURT**

15             **CENTRAL DISTRICT OF CALIFORNIA**

16 RUSSELL YOUNG,                          ) CASE NO. CV10-3746-SVW (SSx)
                                           )
17         Plaintiff,                      ) **Discovery Document: Referred to**
                                           ) **Magistrate Judge Suzanne H. Segal**
18         v.                              )
                                           ) [PROPOSED] STIPULATED
19 AXA ART INSURANCE                       ) **PROTECTIVE ORDER**
   CORPORATION, and DOES 1-20,             )
20 inclusive,                              )
                                           ) Assigned to Hon. Stephen V. Wilson and
21         Defendants.                     ) Magistrate Judge Suzanne H. Segal
                                           )
22 _____            ) Courtroom No.: 6
   AXA ART INSURANCE                       ) Complaint Filed:  April 22, 2010
23 CORPORATION,                            )
                                           )
24         Cross-Complainant,              )
                                           )
25         v.                              )
                                           )
26 RUSSELL YOUNG, BANK ROBBER              )
   LLC, and ROES 1-10, inclusive,          )
27                                         )
           Cross-Defendants.               )
28 _____            )

IDOCS:12986.5:1110245.3

1.   PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action is likely to involve production of confidential, proprietary, trade secret, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting or defending these lawsuits would be warranted.  Accordingly, the Parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order.  The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled, under the applicable legal principles, to treatment as confidential.  The Parties further acknowledge, as set forth in Section 10, below, that this Stipulated Protective Order creates no entitlement to file confidential information under seal.

2.   DEFINITIONS

a.   Party: any party to this Litigation (as defined below), including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

b.   Litigation: the case pending in the United States District Court for the Central District of California, Case No. CV10-3746-SVW (SSx), known as Russell Young v. AXA Art Insurance Corporation and related Cross-Action.

c.   Disclosure or Discovery Material: all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

d.   "Confidential" Information or Items: information (regardless of how generated, stored or maintained) or tangible things that constitute or contain information with respect to (1) AXA's non-public, confidential, private, trade secret, proprietary or commercially or personally sensitive underwriting files, underwriting manuals and guidelines, and/or claims manuals and guidelines which are not

1  generally known, are kept confidential, and from which AXA derives independent
2  economic value, including but not limited to deposition testimony by current or
3  former AXA employees related to this information, and (2) Russell Young's private
4  financial and business dealings as well as his private medical and health related
5  records and deposition testimony related thereto.

6       e.    Receiving Party: a Party that receives Disclosure or Discovery
7  Material from a Producing Party.

8       f.    Producing Party: a Party or non-party that produces Disclosure
9  or Discovery Material in the Litigation.

10      g.    Designating Party: a Party or non-party that designates
11 information or items that it produces in disclosures or in responses to discovery as
12 "Confidential."

13      h.    Protected Material: any Disclosure or Discovery Material that is
14 designated as "Confidential."

15      i.    Outside Counsel: attorneys who are not employees of a Party but
16 who are retained to represent or advise a Party in the Litigation.

17      j.    House Counsel: attorneys who are employees of a Party.

18      k.    Counsel (without qualifier): Outside Counsel and House Counsel
19 (as well as their support staffs).

20      l.    Expert: a person with specialized knowledge or experience in a
21 matter pertinent to the Litigation who has been retained by a Party or its Counsel to
22 serve as an expert witness or a consultant in the Litigation and who is not a current
23 employee of a Party.

24      m.    Professional Vendors: persons or entities that provide litigation
25 support services (e.g., photocopying; videotaping; translating; preparing exhibits or
26 demonstrations; organizing. storing, retrieving data in any form or medium; etc.)
27 and their employees and subcontractors.

28  3.    SCOPE

ERVIN COHEN & JESSUP LLP

1    The protections conferred by this Stipulation and Order cover not only
2  Protected Material (as defined above), but also any information copied or extracted
3  therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus
4  testimony, conversations, or presentations by Parties or Counsel to or in court or in
5  other settings that might reveal Protected Material.

6    4.    DURATION

7    Even after the termination of the Litigation, the confidentiality
8  obligations imposed by this Order shall remain in effect until all Designating Parties
9  agrees otherwise in writing or a court order otherwise directs.

10    5.    GOOD CAUSE STATEMENT

11    AXA seeks protection of its Underwriting Manual, underwriting guidelines,
12  underwriting files, Claim Manual, claims handling guidelines, and deposition
13  testimony by current or former AXA employees reflecting any of this information.
14  Good cause exists to protect this information from disclosure to the public; this
15  information constitutes protected trade secrets of AXA since such materials are kept
16  in a confidential fashion, are generally not known to others, and AXA derives
17  independent economic value therefrom (*Cal. Civ. Code* § 3426.1(d)).  Indeed the
18  insurance industry is competitive, and the disclosure of AXA's guidelines and
19  procedures in underwriting and claims handling can (and will likely be used) by
20  other insurance companies to put themselves at a competitive advantage to AXA.

21    6.    DESIGNATING PROTECTED MATERIAL

22    a.    Exercise of Restraint and Care in Designating Material for
23  Protection.  Each Party that designates information or items for protection under this
24  Order must take care to limit any such designation to specific material that qualifies
25  under the appropriate standards.  A Designating Party must take care to designate
26  for protection only those parts of material, documents, items, or oral or written
27  communications that qualify - so that other portions of the material, documents,

28

ERVIN COHEN & JESSUP

1  items, or communications for which protection is not warranted are not swept

2  unjustifiably within the ambit of this Order.

3         b.   Manner and Timing of Designations.  Except as otherwise

4  provided in this Order (*see e.g.*, second paragraph of section 5bi, below), or as

5  otherwise stipulated or ordered, material that qualifies for protection under this

6  Order must be clearly so designated before the material is disclosed or produced.

7         Designation in conformity with this Order requires:

8              i.   for information in documentary form (apart from

9  transcripts of deposition or other pretrial or trial proceedings), that the Producing

10  Party affix the legend "CONFIDENTIAL" at the top of the front page that contains

11  protected material and then list each page or describe the entire document that is to

12  be so protected.

13         To the extent that documents are produced in electronic, rather than

14  hard copy, format, the Designating Party may identify protected documents on the

15  basis of the collection in which the material appears.

16              ii.   for testimony given in deposition or in other pretrial or

17  trial proceedings, that the Party or non-party offering or sponsoring the testimony

18  identify on the record, before the close of the deposition, hearing, or other

19  proceeding, all protected testimony, and further specify any portions of the

20  testimony that qualify as "CONFIDENTIAL." Alternatively, when it is impractical

21  in the judgment of the Party or non-party offering, or sponsoring the testimony or

22  the witness to identify separately each portion of testimony that is entitled to

23  protection, the Party or non-party that sponsors, offers, or gives the testimony may

24  invoke in writing within 10 days of the conclusion of the deposition a right to have

25  up to 20 days to identify the specific portions of the testimony as to which

26  protection is sought and to specify the level of protection being asserted

27  ("CONFIDENTIAL").  Only those portions of the testimony that are appropriately

28

ERVIN COHEN & JESSUP LLP

1 designated for protection within the 20 days shall be covered by the provisions of
2 this Stipulated Protective Order.
3       iii.   for information produced in some form other than
4 documentary, and for any other tangible items, that the Producing Party affix in a
5 prominent place on the exterior of the container or containers in which the
6 information or item is stored the legend "CONFIDENTIAL."
7     c.   Inadvertent Failures to Designate. If timely corrected, an
8 inadvertent failure to designate qualified information or items as "Confidential"
9 does not, standing alone, waive the Designating Party's right to secure protection
10 under this Order for such material. If material is appropriately designated as
11 "Confidential" after the material was initially produced, the Receiving Party, on
12 notification of the designation, must make reasonable efforts to assure that the
13 material is treated in accordance with the provisions of this Order.
14     7.   CHALLENGING CONFIDENTIALITY DESIGNATIONS.
15     A party has a right to challenge a confidentiality designation pursuant to and
16 in compliance with the Central District's Local Rule 37. If a Party seeks judicial
17 intervention regarding any discovery challenge, both Parties must timely file a
18 written joint stipulation containing all issues of dispute that complies with the
19 Central District's Local Rule 37-2 *et seq.*
20     8.   ACCESS TO AND USE OF PROTECTED MATERIAL.
21     a.   Basic Principles. A Receiving Party shall not, directly or
22 indirectly, use, disseminate, publish or otherwise impart Protected Material that is
23 disclosed or produced by another Party or by a non-party in connection with this
24 case except (i) only as necessary for prosecuting, defending, or attempting to settle,
25 the Litigation, and/or (ii) the Receiving Party otherwise received such Protected
26 Material from a clearly documented source independent of the discovery
27 proceedings in the Litigation. Such Protected Material may be disclosed only to the
28 categories of persons and under the conditions described in this Order, but nothing

ERVIN COHEN & JESSUP

1    contained in this Order Shall prevent or otherwise limit the Receiving Party from

2    disclosing Protected Material to officers, directors, and employees of the Producing

3    Party or to Experts (as defined in this Order) of the Producing Party. When the

4    Litigation has been terminated, a Receiving Party must comply with the provisions

5    of section 11, below (FINAL DISPOSITION).

6              Protected Material must be stored and maintained by a Receiving Party

7    at a location and in a secure manner that ensures that access is limited to the persons

8    authorized under this Order.

9              b.    Disclosure of "CONFIDENTIAL" Information or Items.  Except

10   as expressly set forth herein and unless otherwise ordered by the court or permitted

11   in writing by the Designating Party, a Receiving Party may disclose any information

12   or item designated CONFIDENTIAL only to:

13              i.    the officers, directors or employees of the Producing Party

14   or to Experts (as defined in this Order) of the Producing Party;

15              ii.    the Receiving Party's Outside Counsel of record in the

16   Litigation, as well as employees of said Counsel to whom it is reasonably necessary

17   to disclose the information for this litigation and who have signed the "Agreement

18   to Be Bound by Protective Order" that is attached hereto as Exhibit A;

19              iii.    the officers, directors, and employees (including House

20   Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this

21   Litigation and who have signed the "Agreement to Be Bound by Protective Order"

22   (Exhibit A);

23              iv.    Experts (as defined in this Order) of the Receiving Party to

24   whom disclosure is reasonably necessary for the Litigation and who have signed the

25   "Agreement to Be Bound by Protective Order" (Exhibit A);

26              v.    the Court and its personnel but if Confidential Information

27   is presented, quoted or referenced in any hearing, trial or other proceeding, Counsel

28

ERVIN COHEN & JESSUP LLP

1 for the offering Party shall request the court to order that only court personnel, and

2 the Parties may be present during such presentation, quotation or reference;

3                 vi.    court reporters, their staffs, and professional vendors to

4 whom disclosure is reasonably necessary for the Litigation and who have signed the

5 "Agreement to Be Bound by Protective Order" (Exhibit A);

6                 vii.   during their depositions, witnesses who are not officers,

7 directors, or employees of the Producing Party, and to whom disclosure is

8 reasonably necessary after having signed the "Agreement to Be Bound by Protective

9 Order" (Exhibit A), provided that the Protected Material is first disclosed to Counsel

10 for the Disclosing Party four court days in advance of the deposition, who will then

11 be afforded the opportunity to seek a protective order, suspending the deposition if

12 necessary, to prevent the disclosure or use of the Protected Material with the

13 witness.  Pages of transcribed deposition testimony or exhibits to depositions that

14 reveal Protected Material must be separately bound by the court reporter and may

15 not be disclosed to anyone except as permitted under this Stipulated Protective

16 Order.

17     9.   PROTECTED MATERIAL SUBPOENAED OR ORDERED

18 PRODUCED IN OTHER LITIGATION.

19     If a Receiving Party is served with a subpoena or an order issued in

20 other litigation that would compel disclosure of any information or items designated

21 in the Litigation as "CONFIDENTIAL," the Receiving Party must so notify the

22 Designating Party, in writing electronically or by fax immediately and in no event

23 more than two court days after receiving the subpoena or order.  Such notification

24 must include a copy of the subpoena or court order.

25     The Receiving Party also must immediately inform in writing the party

26 who caused the subpoena or order to issue in the other litigation that some or all the

27 material covered by the subpoena or order is the subject of this Protective Order. In

28 addition, the Receiving Party must deliver a copy of this Stipulated Protective Order

ERVIN COHEN & JESSUP

1   promptly to the party in the other action that caused the subpoena or order to issue.

2   The purpose of imposing these duties is to alert the interested Parties to

3   the existence of this Protective Order and to afford the Designating Party in the

4   Litigation an opportunity to try to protect its confidentiality interests in the court

5   from which the subpoena or order issued. The Designating Party shall bear the

6   burdens and the expenses of seeking protection in that court of its confidential

7   material - and nothing in these provisions should be construed as authorizing or

8   encouraging a Receiving Party in the Litigation to disobey a lawful directive from

9   another court.

10        10.   UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL.

11   If a Receiving Party learns that, by inadvertence or otherwise, it has

12   disclosed Protected Material to any person or in any circumstance not authorized

13   under this Stipulated Protective Order, the Receiving Party must immediately (a)

14   notify in writing the Designating Party of the unauthorized disclosures, (b) use its

15   best efforts to retrieve all copies of the Protected Material, (c) inform the person or

16   persons to whom unauthorized disclosures were made of all the terms of this Order,

17   and (d) request such person or persons to execute the "Acknowledgment and

18   Agreement to Be Bound" that is attached hereto as Exhibit A.

19        11.   FILING PROTECTED MATERIAL.  Except when authorized by

20   statute or federal rule, or the Judicial Conference of the United States, no case or

21   document shall be filed under seal without written permission from the Designating

22   Party and prior approval by the Court. If a Party obtains written permission or such a

23   court order, a Party shall file Protected Material, if at all, in sealed envelopes

24   marked with the title of the Litigation and bearing a statement substantially in the

25   following form:

26

27

28

ERVIN COHEN & JESSUP

1

CONFIDENTIAL

2

FILED UNDER SEAL PURSUANT TO A
PROScriptTECTIVE ORDER DATED _____, GOVERNING

3

CONFIDENTIALITY OF DOCUMENTS AND

4

INFORMATION OBTAINED DURING THE COURSE
OF THE LITIGATION.  THIS ENVELOPED IS NOT TO

5

BE OPENED NOR THE CONTENTS THEREOF

6

DISPLAYED OR REVEALED EXCEPT BY OR TO
QUALIFIED PERSONS OR BY COURT ORDER.

7

8   Where approval is required, a written application and a proposed order shall

9   be presented to the judge along with the document submitted for filing under seal.

10   The proposed order shall address both the sealing of the application and order itself,

11   if appropriate. The original and judge's copy of the document shall be sealed in

12   separate envelopes with a copy of the title page attached to the front of each

13   envelope. Conformed copies need not be placed in sealed envelopes. Where under-

14   seal filings are authorized by statute or rule, the authority therefor shall appear on

15   the title page of the proposed filing. Applications and Orders to Seal, along with the

16   material to be placed under seal, shall not be electronically filed but shall be filed

17   manually in the manner prescribed by the Central District's Local Rule 79-5. A

18   Notice of Manual Filing shall also be electronically filed identifying materials being

19   manually filed.

20

21   12.   FINAL DISPOSITION.  Unless otherwise ordered or agreed in writing

22   by the Producing Party, within sixty days after the final termination of the

23   Litigation, each Receiving Party must return all Protected Material to the Producing

24   Party. As used in this subdivision, "all Protected Material" includes all copies,

25   abstracts, compilations, summaries or any other form of reproducing or capturing

26   any of the Protected Material.  With permission in writing from the Designating

27   Party, the Receiving Party may destroy some or all of the Protected Material instead

28   of returning it. Whether the Protected Material is returned or destroyed, the

ERVIN COHEN & JESSUP LLP

1   Receiving Party must submit a written certification to the Producing Party (and, if
2   not the same person or entity, to the (Designating Party) by the sixty day deadline
3   that identifies (by category, where appropriate) all the Protected Material that was
4   returned or destroyed and that affirms that the Receiving Party has not retained any
5   copies, abstracts, compilations, summaries or other forms of reproducing or
6   capturing any of the Protected Material.  Notwithstanding this provision, Counsel
7   are entitled to retain an archival copy of all pleadings, motion papers, transcripts,
8   legal memoranda, correspondence or attorney work product, even if such materials
9   contain Protected Material.  Any such archival copies that contain or constitute
10  Protected Material remain subject to this Protective Order as set Forth in Section 4
11  (DURATION), above.
12       13.   <u>MISCELLANEOUS</u>
13            a.    *Right to Further Relief.*  Nothing in this Order abridges the right
14  of any person to seek its modification by the Court in the future.
15            b.    <u>Right to Assert Other Objections</u>.  By stipulating to the entry of
16  this Protective Order no Party waives any right it otherwise would have to object to
17  disclosing or producing any information or item on any ground.  Similarly, no Party
18  waives any right to object on any ground to use in evidence of any of the material
19  covered by this Protective Order.
20            c.    <u>No Admissions</u>.  Nothing in this Order shall operate as an
21  admission by any Party that any particular Protected Material contains or reflects
22  any type of confidential information.
23            d.    <u>Further Protective Orders</u>. Nothing in this Order shall prejudice
24  in any way the rights of any Party to petition the Court for a further protective order
25  relating to any Protected Material.
26
27       **[REST OF PAGE INTENTIONALLY LEFT BLANK]**
28

ERVIN COHEN & JESSUP LLP

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

ERVIN COHEN & JESSUP LLP

1           e.    <u>Written Waiver or Alternation</u>.  Nothing in this Order shall

2    prevent the Parties from agreeing in writing to alter or waive the provisions or

3    protections provided for herein with respect to any particular Protected Material.

4

5    IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

6

7    DATED: October 7, 2010        ERVIN COHEN & JESSUP LLP
                                           Robert M. Waxman

8                                          Pantea Yashar

9

10                                 By: <u>/s/ Robert Waxman</u>

11                                         Robert Waxman
                                           Attorneys for AXA Art Insurance

12                                         Corporation

13   DATED: October 7, 2010        JACOBS, JACOBS & EISFELDER, LLP

14                                         Robert W. Eisfelder

15

16                                 By: <u>/s/ Robert W. Eisfelder</u>

17                                         Robert W. Eisfelder
                                           Attorney for Russell Young

18   PURSUANT TO STIPULATION, IT IS SO ORDERED.

19   DATED: ___10/19/10___

20                                       Honorable Suzanne H. Segal

21                                       Judge, United States District Court

22                                       for the Central District of California

23

24

25

26

27

28

ERVIN COHEN & JESSUP LLP

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name] of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California, Case No. CV10-3746 SVW (SSx), known as Russell Young v. AXA Art Insurance Corporation and related Cross-Action.  I agree to comply with and to be bound by the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name, address, and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____
                      [printed name]

Signature: _____
                      [signature]

ERVIN COHEN & JESSUP LLP